IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

KalshiEx LLC,

       Plaintiff,

           v.

Commodity Futures Trading Commission,

       Defendant.

Case No. 23-cv-03257-JMC

**MOTION OF PROFESSOR JOSEPH A. GRUNDFEST FOR LEAVE TO FILE BRIEF AS AMICUS CURIAE IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

Professor Joseph A. Grundfest respectfully files this unopposed motion for leave to file a brief as amicus curiae in support of Plaintiff KalshiEx LLC's motion for summary judgment.

Under Local Rule 7(o)(1), a proposed amicus brief "may file a brief only upon leave of Court."  Under Local Rule 7(o)(2), a "motion for leave to file an amicus brief shall concisely state the nature of the movant's interest; identify the party or parties supported, if any; and set forth the reasons why an amicus brief is desirable, why the movant's position is not adequately represented by a party, and why the matters asserted are relevant to the disposition of the case."

*Movant's interest*.  Professor Joseph A. Grundfest is the W.A. Franke Professor of Law and Business, Emeritus, and Senior Faculty, Rock Center for Corporate Governance, at Stanford Law School.  Professor Grundfest is a nationally prominent expert on capital markets, corporate governance, and securities litigation. Before joining the Stanford Law School faculty in 1990, Professor Grundfest was a commissioner of the Securities and Exchange Commission and served on the staff of the President's Council of Economic Advisors as counsel and senior economist for legal and regulatory matters.

Professor Grundfest has expertise specific to the operation of derivatives markets and statutory construction, the primary subject matters of this dispute.  He holds U.S. Patent 8,452,620 B1, Parametric Directors and Officers Insurance and Reinsurance Contracts, and related Financial Instruments (granted May 28, 2013), which describes the construction of novel derivatives products and markets related to the outcome of litigation events.  While serving as an SEC Commissioner he was actively involved in legislative and regulatory matters related to the evolution of stock market-based futures and other derivative products.  His scholarship explores

various aspects of derivatives analytics, including a *Yale Law Review* article[1] explaining how derivative instruments could be used to avoid pass-through stockholder liability, and a *Stanford Law Review* article describing how litigation can be modeled as a derivative—more precisely, a real option.[2] He has also taught about the design and operation of derivative markets, particularly in connection with the financial crisis of 2008–2009.

Professor Grundfest, with other professors, submitted a comment letter to the CFTC in the underlying administrative proceeding urging the CFTC to permit Kalshi to list the proposed event contracts. Professor Grundfest respectfully disagrees with the CFTC's order and has an interest in explaining to this Court why that order should be overturned.

As for statutory interpretation, one of Professor Grundfest's *Harvard Law Review* articles describes a novel form of regulatory constraint and demonstrates the interpretation's consistency with statutory text and legislative intent.[3] Another *Stanford Law Review* article describes the strategic use of textual ambiguities as a mechanism that supports legislative compromise and describes the judicial response to the ensuing interpretive challenges.[4] A recent *Business Lawyer* article addresses the interaction of federal and state law, and the "narrow interpretation" doctrine that is applied to certain forms of securities fraud litigation.[5]

---

[1] Joseph A. Grundfest, *The Limited Future of Unlimited Liability: A Capital Markets Perspective*, 102 Yale L.J. 387 (1992).

[2] Joseph A. Grundfest & Peter H. Huang, *The Unexpected Value of Litigation: A Real Options Perspective*, 58 Stan. L. Rev. 1267 (2006).

[3] Joseph A. Grundfest, *Disimplying Private Rights of Action Under the Federal Securities Laws: The Commission's Authority*, 107 Harv. L. Rev. 961 (1994).

[4] Joseph A. Grundfest & A.C. Pritchard, *Statutes with Multiple Personality Disorders: The Value of Ambiguity in Statutory Design and Interpretation*, 54 Stan. L. Rev. 627 (2002).

[5] Joseph A. Grundfest, *The Limits of Delaware Corporate Law: Internal Affairs, Federal Forum Provisions, and* Sciabacucchi, 75 Bus. Law. 1319 (2020).

***Why an amicus brief is desirable and relevant***.  Although KalshiEx is undoubtedly well-represented, Professor Grundfest's proposed amicus brief is still desirable and relevant.  Professor Grundfest's experience and scholarship relating to the operation and regulation of these markets gives him a perspective that is difficult for other counsel and amici to replicate.

"Even when a party is very well represented, an amicus may provide important assistance to the court." *Neonatology Assocs., P.A. v. Commissioner*, 293 F.3d 128, 132 (3d Cir. 2002) (Alito, J.). "Some friends of the court are entities with particular expertise not possessed by any party to the case. Others argue points deemed too far-reaching for emphasis by a party intent on winning a particular case. Still others explain the impact a potential holding might have on an industry or other group." *Id.* (quotation marks omitted); *see Arias v. Dyncorp*, No. 01-1908, 2011 WL 13377371, at *1 (D.D.C. Nov. 21, 2011) (granting law professors' motion for leave to file amicus brief and citing *Neonatology*).

As explained above, Professor Grundfest has "particular expertise" in this matter.  Further, his reasoning as an amicus extends beyond KalshiEx's arguments: while KalshiEx's arguments are understandably tailored to the particular event contracts it seeks to list, Professor Grundfest's proposed amicus brief explains how the CFTC's reasoning jeopardizes all event contracts.   For the same reason, Professor Grundfest's brief will help the Court because it explains the broader impact of the CFTC's order.

Courts in this District frequently grant motions for leave to file amicus briefs, *see, e.g.*, *Asylum Seekers Trying to Assure their Safety v. Lechleitner*, No. 23-cv-163, 2023 WL 8619411, at *3 (D.D.C. Dec. 13, 2023); *United States v. Sutton*, Crim. No. 21-0598, 2023 WL 3478484, at *2 (D.D.C. May 16, 2023), including motions for leave to file amicus briefs by law professors. *See Arias*, 2011 WL 13377371, at *1 (granting law professors' motion for leave to file amicus

brief because proposed brief presented "legal analysis offered by legal scholars" (quotation marks omitted)); *Wilderness Soc'y v. Trump*, No. 17-cv-02587, 2019 WL 11556601, at *1 (D.D.C. Mar. 20, 2019). The Court should follow that authority and grant Professor Grundfest's motion for leave.

Dated: February 1, 2024                               Respectfully submitted,

                                                               JENNER & BLOCK LLP

                                                               By: <u>/s/ Adam G. Unikowsky</u>

                                                               ADAM UNIKOWSKY
                                                               1099 New York Ave. NW, Suite 900
                                                               Washington, DC 20001
                                                               Phone: (202) 639-6000
                                                               aunikowsky@jenner.com