# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| KalshiEx LLC, | |
| Plaintiff, | |
| v. | Case No. 23-cv-03257-JMC |
| UNITED STATES COMMODITY FUTURES TRADING COMMISSION, | |
| Defendant. | |

## UNOPPOSED MOTION OF BETTER MARKETS, INC. FOR
## LEAVE TO FILE AN AMICUS CURIAE BRIEF IN SUPPORT OF DEFENDANT

Pursuant to Local Rule 7(o)(2), Better Markets, Inc. ("Better Markets") respectfully moves this Court for leave to file the accompanying amicus curiae brief in support of defendant Commodity Futures Trading Commission ("CFTC") and in opposition to the plaintiff's ("Kalshi's") motion for summary judgement.

Better Markets should be granted leave to file the accompanying brief because (1) it has a strong interest in the Court's disposition of this case; (2) it can assist the Court by providing helpful analysis that is relevant but not fully or adequately presented in the CFTC's brief; and (3) the motion is timely and unopposed. A proposed order also accompanies this motion.

1. <u>Better Markets has a strong interest in this case.</u>

Better Markets is a nonprofit, nonpartisan organization that promotes the public interest in the financial markets through comment letters on proposed rules, independent research, amicus curiae briefs, public advocacy, and Congressional testimony. It advocates for reforms that stabilize

our financial system, prevent financial crises, and protect investors from fraud and abuse. Much of Better Markets' advocacy has focused specifically on the derivatives markets, including the importance of measures to prevent market manipulation. *See generally* www.bettermarkets.org.

Over the past year and a half, it has advocated extensively at the CFTC and in the public domain that the contracts the plaintiff seeks to list for trading pose serious threats to the public interest and therefore can and should be prohibited under the Commodity Exchange Act. That advocacy has included, among other elements, the submission of a detailed comment letter urging the Commission to prohibit the listing of theses contract. *See* Better Markets, Comment Letter to CFTC on Kalshi's Proposed Political Event Contract (Sept. 25, 2022).[1] Trading in these contracts would undermine a number of the important goals that Better Markets seeks to advance through its advocacy, including preventing market manipulation, protecting investors, and preserving the CFTC's currently broad authority to preclude trading in event contracts that it deems contrary to the public interest.

2. <u>Better Markets' proposed brief is desirable and offers analysis that is relevant to the disposition of the case yet not fully or adequately developed by the CFTC.</u>

The accompanying brief presents arguments drawing on Better Markets' extensive knowledge surrounding the Commodity Exchange Act and the public policy implications raised in this case, which are not fully developed in the CFTC's brief. For example, in the proposed brief, Better Markets presents a detailed survey of state law decisions, spanning 200 years, that consistently warn against any form of gambling or wagering on the outcome of elections. Those authorities are directly relevant to two issues presented in this case: They provide support not only

---

[1] Better Markets, *Comment Letter to CFTC re KalshiEx, LLC's Proposed Political Event Contract* (Sept. 25, 2024), https://bettermarkets.org/wp-content/uploads/2022/09/Better_Markets_Comment_Letter_KalshiEX.pdf.

for the CFTC's legal conclusion that such activity is unlawful under state law but also for the agency's related determination that such activity is contrary to the public interest. This material supports but goes beyond the scope of the CFTC's brief.

    3.    <u>This motion is timely and unopposed</u>.

This motion is timely. It follows the filing of the CFTC's opening brief by one week. This timetable parallels the time allowed for amicus briefs in the circuit courts. Fed. R. App. P. 29(e). Moreover, it provides the plaintiff with ample time to digest the brief and respond as it sees fit, since its reply brief is not due until March 27th. For these reasons, the filing of Better Markets' brief will not unduly delay the Court's ability to rule on any pending matter. Finally, undersigned counsel contacted counsel for plaintiff Kalshi and counsel for defendant CFTC, and they each consented to this motion.

## CONCLUSION

For all of the foregoing reasons, Better Markets respectfully requests that it be granted leave to file the accompanying amicus curiae brief.

Dated: March 4, 2024                                          Respectfully submitted,

                                                                         <u>/s/ Stephen W. Hall</u>
                                                                          Stephen W. Hall
                                                                          Bar No. 366892

                                                                          Better Markets, Inc.
                                                                          2000 Pennsylvania Avenue, NW
                                                                          Suite 4008
                                                                          Washington, DC  20006
                                                                          202-549-3382
                                                                          shall@bettermarkets.org

                                                                          *Counsel for Better Markets, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on March 4, 2024, I caused the foregoing Unopposed Motion of Better Markets, Inc. for Leave to File Amicus Curiae Brief in Support of Defendant; the accompanying Brief of Better Markets, Inc. as Amici Curiae in Support of Defendant Commodity Futures Trading Commission and in Opposition to Plaintiff's Motion for Summary Judgment; and the accompanying Proposed Order with the United States District Court for the District of Columbia by using the CM/ECF system, thus effecting service under Local Rule 49(d)(1). I certify that all participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

                                                      /s/ Stephen W. Hall
                                                      Stephen W. Hall
                                                      Bar No. 366892