IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| KALSHIEX LLC,<br><br>            Plaintiff,<br><br>  v.<br><br>COMMODITY FUTURES TRADING COMMISSION,<br><br>            Defendant. | No. 23-cv-03257-JMC<br><br>**Plaintiff's Notice of Supplemental Authority** |

Plaintiff writes to give notice of the Supreme Court's decision today in *Loper Bright Enterprises v. Raimondo*, No. 22-451 (U.S. June 28, 2024) (Exh. A, "Op."), which overruled the doctrine of *Chevron* deference. The Court held that matters of statutory interpretation must be resolved *de novo*, without deferring to the agency's interpretation. Op. at 15, 21. In short, courts reviewing agency action "must exercise their independent judgment in deciding whether an agency has acted within its statutory authority, as the APA requires." Op. at 35.

In this case, that means the Court must determine whether the best reading of the Commodity Exchange Act is that event contracts hinging on control of Congress are contracts that "involve … unlawful activity" or "involve … gaming." 7 U.S.C. 7a-2(c)(5)(C)(i). For all of the reasons set forth in Kalshi's briefs and at oral argument, the answer is clearly no, and the Commission can no longer expect the Court to defer to its contrary, idiosyncratic interpretations. *Contra* ECF No. 30 at 19–20 (Defendant outlining *Chevron* analysis); ECF No. 37 at 11 (Defendant suggesting that the Court should defer to its interpretations, citing *Chevron*).

1

Dated: June 28, 2024               Respectfully submitted,

/s/ *Yaakov M. Roth*
Yaakov M. Roth (D.C. Bar 995090)
John Henry Thompson (D.C. Bar 90013831)
JONES DAY
51 Louisiana Avenue N.W.
Washington, DC 20001
(202) 879-3939

Amanda K. Rice
(D.C. Bar 1019208)*
JONES DAY
150 W. Jefferson Avenue, Suite 2100
Detroit, MI 48226
(313) 733-3939

Samuel V. Lioi*
JONES DAY
901 Lakeside Avenue
Cleveland, Ohio 44114-1190
(216) 586-3939

*admitted *pro hac vice*

*Counsel for Plaintiff KalshiEx LLC*