# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| KALSHIEX LLC,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>COMMODITY FUTURES TRADING<br>COMMISSION,<br><br>　　　　　Defendant. | Civil Action No. 1:23-cv-03257 (JMC) |

**Defendant Commodity Futures Trading Commission's
Emergency Motion to Stay the Court's Decision
<u>Until 14 Days After the Issuance of the Forthcoming Memorandum Opinion</u>**

　　Defendant Commodity Futures Trading Commission ("CFTC" or "Commission") seeks an emergency stay of the Court's Order, dated September 6, 2024, vacating the CFTC's September 22, 2023 order prohibiting Plaintiff from listing its election contracts for trading [DE #47]. Without the benefit of the Court's reasoning, the CFTC is unable to make an informed decision whether to appeal, nor is it able to fully brief a motion for stay pending any forthcoming appeal. The CFTC, therefore, respectfully requests that the Court stay the vacatur of the CFTC's September 22, 2023 order until two weeks (14 days) after the Court issues its reasoned opinion.

　　Time is of the essence in the issuance of a stay. The CFTC expects that Plaintiff Kalshi will immediately list the relevant election contracts and that trading will begin as soon as the contracts list. Plaintiff has already announced on its homepage that "Election Markets are Coming to Kalshi!" https://kalshi.com (last visited September 6, 2024). This announcement is presumably because, under CFTC rules, a designated contract market ("DCM") such as Plaintiff can submit a new contract to the Commission, self-certifying that it is in compliance with relevant statutory and regulatory requirements, and list the contract for trading on the next business day after submission,

without waiting for the Commission to take any action. 7 U.S.C. § 7a-2(c)(1); 17 C.F.R. § 40.2. This means, absent a stay, if Kalshi self-certifies the contracts before 8:15 a.m. on Monday, September 9, it may list them as early as Tuesday morning.

In deciding a motion to stay pending appeal, courts consider four factors: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Nken v. Holder*, 556 U.S. 418, 434 (2009) (emphasis added) (*quoting Hilton v. Braunskill*, 481 U.S. 770, 776 (1987)). Of these factors, the first two are the most important, and require more than a "possibility" of relief, or potential irreparable injury. *Id.* In this Circuit, courts have analyzed these four factors on a "sliding scale," whereby "a strong showing on one factor could make up for a weaker showing on another." *Sherley v. Sebelius*, 644 F.3d 388, 392 (D.C. Cir. 2011). The "sliding scale" framework allows a movant who presents a "serious legal question" on the merits to obtain a stay if "little if any harm will befall other interested persons or the public, and ... denial of the order would inflict irreparable injury on the movant." *Wash. Metro. Area Transit Comm'n v. Holiday Tours, Inc.*, 559 F.2d 841, 844 (D.C. Cir. 1977).[1]

To be clear, this motion is not a full motion for stay pending appeal because the CFTC cannot address the first two factors without the benefit of the Court's reasoning for its Order. However, applying the "sliding scale" framework, the CFTC is entitled to a stay pending issuance of

---

[1] It remains unresolved in this Circuit whether the sliding scale framework survives the Supreme Court's decision in *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). *See Changji Esquel Textile Co. v. Raimondo*, 40 F.4th 716, 726 (D.C. Cir. 2022); *Aamer v. Obama*, 742 F.3d 1023, 1043 (D.C. Cir. 2014). Current caselaw continues to apply the *Holiday Tours* sliding scale. *See, e.g., Nat'l R.R. Passenger Corp. (Amtrak) v. Sublease Int. Obtained Pursuant to Assignment & Assumption of Leasehold Int. Made as of Jan. 25, 2007,* No. 22-CV-1043 (APM), 2024 WL 3443596, at *2 (D.D.C. July 15, 2024) ("this court remains bound by *Holiday Tours'* sliding scale").

the memorandum opinion because serious legal questions are involved, and a temporary stay presents "little if any harm." Thus, the CFTC respectfully requests that the Court grant a 14-day stay of the Court's Order dated September 6, 2024, to enable the CFTC to make an informed decision about whether to appeal and to prepare a motion for stay pending any forthcoming appeal.

Serious Legal Question. The Commission is in the unenviable position of finding out that it has lost but without any explanation or reasoning. There can be no doubt that the issues presented in this case are serious legal questions. However, at this time, the CFTC is unable to make full arguments as to likelihood of success in any forthcoming appeal, because the Court has not yet issued its memorandum opinion. Accordingly, the CFTC respectfully submits that it is enough at this time to grant a temporary stay on the grounds that there are serious legal questions at stake, the other factors favor a stay, and the CFTC needs the benefit of the Court's reasoning to craft a proper motion for stay pending appeal.

Irreparable Injury. The CFTC would be irreparably injured absent a stay. If Plaintiff lists its contracts for trading, the CFTC has very limited recourse to cease trading or otherwise unwind the contracts. *See* 17 C.F.R. § 40.2(c). Further, the Commission anticipates that other DCMs, in addition to Plaintiff, may seek to self-certify election contracts that are similar to Plaintiff's. These contracts also could be listed for trading one business day after the DCM's filing of its self-certified submission with the Commission, and the CFTC would have very limited recourse in this event. Without the benefit of the Court's reasoning, the CFTC cannot ascertain what the alternative paths may be, as the CFTC would have difficulty knowing how it could proceed without running afoul of the Court's Order.

Injury to other parties: The balance of the harms weighs in favor of the CFTC. A short, temporary stay, pending the issuance of the Court's opinion, will not substantially injure Plaintiff Kalshi. Plaintiff Kalshi has numerous event contracts trading. The stay of Kalshi's proposed

election contracts for two weeks while allowing the CFTC sufficient time to review the Court's opinion will not substantially injure them.

<u>Public interest</u>:  The public interest lies with granting the CFTC a temporary stay.  As laid out in the CFTC's public interest analysis in its summary judgment briefing, the relevant contracts could potentially be used in ways that would have an adverse effect on election integrity, or the perception of election integrity, and could put the Commission in the position of investigating election-related activities.  At a time when distrust in elections is at an all-time high, even a short listing of Plaintiff's contracts, and/or similar election contracts on other DCMs, could harm public perception of election integrity and undermine confidence in elections.

For the reasons stated above, the CFTC respectfully requests a stay of the Court's vacatur of the CFTC's September 22, 2023 order prohibiting Plaintiff from listing its election contracts for trading until two weeks (14 days) after the Court issues its reasoned opinion, so the CFTC can appropriately assess its appeal options and file a full motion for stay pending any forthcoming appeal.  Both the balance of harms and the public interest factors are in the Commission's favor to at least allow the Commission time to review the Court's explanation of its decision and seek further relief from the Court before Kalshi lists the contracts for trading.

Dated:  September 6, 2024                              Respectfully submitted,

*/s/ Anne W. Stukes*
*Deputy General Counsel*

Robert A. Schwartz,
   *General Counsel*
Raagnee Beri
   *Senior Assistant General Counsel*
Margaret P. Aisenbrey
   *Senior Assistant General Counsel*
Conor B. Daly
   *Counsel*
Commodity Futures Trading Commission
1155 21st Street, NW

4

Washington, D.C. 20581-0001
Phone: (202) 418-5127
astukes@cftc.gov

## LCvR 7(m) CERTIFICATE

I hereby certify that counsel for Defendant the CFTC made a good faith effort to contact counsel for Plaintiff KALSHIEX LLC before this motion was filed to determine whether there is any opposition to the relief sought, and as of the time of this filing counsel for Plaintiff has not responded.

/s/ Anne W. Stukes

## CERTIFICATE OF SERVICE

I hereby certify that on September 6, 2024, I served the foregoing on counsel of record using this Court's CM/ECF system.

/s/ Anne W. Stukes